UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRADLEY J. BARTON, | § | |
| TDCJ #01680744, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:19-0376 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Bradley J. Barton is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) to challenge a prison disciplinary conviction. He also has filed a motion to proceed *in forma pauperis* (Dkt. 2) and a certified trust fund account statement (Dkt. 3). After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

I. **BACKGROUND**

Barton is serving a sentence in Harris County for capital murder, Case No. 1206429. *See* Offender Information Search, available at https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (last visited Nov. 22, 2019). His petition does not challenge his conviction or sentence. Rather, he seeks relief from a disciplinary conviction for destruction of property at the Byrd Unit on January 27, 2011, in disciplinary case

number 2011014409 (Dkt. 1, at 2, 5). Barton states that he was punished by the loss of 365 previously earned good-time days and by a $1,400 fine for "allegedly tearing 8 blank pages from a paperback supplement book that wasn't even $100.00" (*id*. at 5). He states that the fine is "for life" and that it prevents him "from buying hygiene, necessities, and food" (*id*.). He states that he appealed the conviction through TDCJ's two-step administrative grievance procedure (*id*. at 5-6). Barton acknowledges that he is not eligible for release on mandatory supervision (*id.* at 5).

Barton's petition claims that his $1,400 fine was exorbitant and violates the Eighth Amendment's protection against excessive fines (*id*. at 6). He also alleges that the disciplinary conviction violated the Due Process Clause because the hold on his account was removed and then "capriciously" put back in place (*id*.).

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

As a preliminary matter, this Court may hear Barton's petition because he filed the petition when incarcerated at the Darrington Unit in Brazoria County, which is within the boundaries of the Galveston Division of the Southern District of Texas. *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(1); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to his petition. This one-year period runs from the "latest of" four accrual dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by

> State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In this case, Barton was convicted of destruction of property at the Byrd Unit on January 27, 2011 (Dkt. 1, at 5). His petition is approximately seven years late and time-barred under 28 U.S.C. § 2244(d)(1)(A) unless a later accrual date applies.[1]

Barton does not argue that a state-created impediment to his habeas application was recently removed, *see* 28 U.S.C. § 2244(d)(1)(B), or that the factual predicate of his claim was recently discovered, *see* 28 U.S.C. § 2244(d)(1)(D). However, he appears to invoke a later accrual date based on a recent Supreme Court opinion, as is relevant under § 2244(d)(1)(C). His petition states that the Supreme Court "recently held that the Eighth Amendment's excessive fines clause now applies to the States" (Dkt. 1, at 6), apparently referring to *Timbs v. Indiana*, 139 S. Ct. 682 (2019). He claims that Texas, "through

---

[1] The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id*. § 2244(d)(2). In this case, the limitations period was tolled while Barton's administrative grievances were pending. *See Kimbrell v. Cockrell*, 311 F.3d 361, 363–64 (5th Cir. 2002). Barton states that his Step One grievance was denied on March 11, 2011, and does not provide a date for the denial of his Step Two grievance. Even if the Court were to assume that the Step Two grievance was pending for a full year, which would be an unusually long period, this statutory tolling would not render Barton's 2019 petition timely under § 2244(d)(1)(A).

TDCJ," has assessed an "unconstitutional punitive fine" against him "that totally blocks him from buying ANYTHING—hygiene, necessities, food, etc.—as a prisoner" (Dkt. 1, at 6).

The petitioner in *Timbs* challenged a civil *in rem* forfeiture action against him. The Supreme Court held that the Eighth Amendment's Excessive Fines Clause is applicable to the states, and remanded the case to the Supreme Court of Indiana for further proceedings. However, Section 2244(d)(1) allows for a later accrual date based on new Supreme Court authority only if the right is "newly recognized by the Supreme Court *and made retroactively applicable to cases on collateral review*." 28 U.S.C. § 2244(d)(1)(C) (emphasis added). In this case, even assuming that the *Timbs* decision announced a newly recognized constitutional right and that the right is relevant to Barton's fine, the Court has located no authority stating that *Timbs*'s holdings have been made retroactively applicable to cases on collateral review. Therefore, to the extent *Timbs* is applicable to Barton's disciplinary conviction, it cannot serve to provide a later accrual date to Barton's claims.

Accordingly, the petition must be dismissed as untimely filed.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The relief sought in the habeas corpus petition (Dkt. 1) filed by Bradley J. Barton is **DENIED** and this case is **DISMISSED** with prejudice as time-barred.

2. Based on the certified inmate trust fund statement showing that Barton has sufficient funds to pay the $5.00 filing fee, his motion to proceed *in forma pauperis* (Dkt. 2) is **DENIED**. Barton must submit $5.00 in the form of a money order or check issued by the prison unit on the petitioner's behalf from funds found in his inmate trust fund account, with the above-referenced case number written on it, payable to the United States District Clerk, P.O. Box 61010, Houston, Texas 77208, within 30 days of the date of this order.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the petitioner and to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

SIGNED at Galveston, Texas, on     November 25th            , 2019.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE